UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRYTANIA MEDIA LLC;** <br> **PRYTANIA MEDIA CORP;** <br> **ANNIE STRAIN, and** <br> **WILLIAM ("JEFF") STRAIN** <br><br> **VERSUS** <br><br> **NETEASE, INC.;** <br> **NETEASE INTERACTIVE** <br> **ENTERTAINMENT PTE. LTD.;** <br> **NETEASE INFORMATION** <br> **TECHNOLOGY CORP.;** <br> **HAN CHENGLIN; and** <br> **CROP CIRCLE GAMES CORP** | **CIVIL ACTION NO. _____** <br><br> **JUDGE:** <br><br> **MAGISTRATE JUDGE:** |

### SPECIALLY APPEARING DEFENDANTS' NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Specially Appearing Defendants NetEase, Inc., NetEase Interactive Entertainment Pte. Ltd., NetEase Information Technology Corp. (collectively, "NetEase"), and Han Chenglin ("Mr. Han," and together with NetEase, "Defendants"), who respectfully remove this civil action originally brought in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Civil Action No. 2025-00022 ("State Court Action"), to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S. Code § 1441. Removal is proper because:

- Diversity jurisdiction exists. All properly joined parties are diverse; Plaintiffs improperly join Defendant Crop Circle Games Corp ("Crop Circle") to defeat jurisdiction, but Crop Circle's citizenship should be disregarded. The amount in controversy exceeds $75,000.

- To the extent Plaintiffs allege CFIUS violations, federal question jurisdiction exists.

#103577991v1

1

In support of removal, Defendants respectfully represent as follows:

1. On January 3, 2025, Plaintiffs filed their original Petition for Damages in the State Court Action. Defendants were never served with this original citation and petition.

2. Upon information and belief, the Louisiana Secretary of State was purportedly served with the original citation and petition for Crop Circle on or around January 29, 2025. Defendants deny that this constituted effective service as to Crop Circle because Plaintiff Jeff Strain is the registered agent for Crop Circle.

3. In their original Petition, Plaintiffs requested service on Defendants NetEase and Mr. Han be held, while requesting service on Crop Circle.

4. On February 20, 2025, Plaintiffs filed an Amended Petition for Damages ("Amended Petition" or "Petition") against Defendants and Crop Circle in the State Court Action.

5. Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibit "A" a copy of all process, pleadings, and orders received by it to date in the State Court action.

6. No responsive pleadings to the Petition have been filed by any Defendant.

7. To the best of Defendants' knowledge, Crop Circle has not yet been served with the Amended Petition.

8. Pursuant to an agreement between the parties, Defendants NetEase and Han accepted service of the Petition and Citation on February 28, 2025. Pursuant to that same agreement, Defendants file this notice of removal on March 10, 2025—weeks before the March 31, 2025 deadline to remove pursuant to the 30-days-from-service removal period provided by 28 U.S.C. § 1446. Ex. C, Declaration of Michael Magner ("Magner Declaration") at ¶ 7. Thus, this

notice of removal is timely under U.S.C. § 1446. *See also Thompson v. Deutsche Bank Nat'l Tr. Co.,* 775 F.3d 298, 303 (5th Cir. 2014).[1]

9. 28 U.S.C. § 1441(a) allows for removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) because, taking into account all properly joined parties, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties.").

10. Venue of the removed action is proper in this Court pursuant to 28 U.S.C. § 1441(a) as this is the judicial district in which the State Court Action was pending.

11. Crop Circle is a video game development studio that is a subsidiary of Plaintiff Prytania Media LLC, which is in turn wholly-owned by Plaintiff Prytania Media Corp (collectively, "Prytania"), which is in turn owned by Plaintiffs Annie and William ("Jeff") Strain (collectively, the "Strains"). *See* Ex. A, Pet. at ¶¶ 7-10. In 2022, NetEase invested $20 million in Crop Circle. As a result of the investment, Crop Circle is 75% owned and controlled by Plaintiffs and 25% owned by NetEase. *Id.* at ¶¶ 17-18. Prior to the investment, Crop Circle was wholly-owned by Prytania. Other than a possible minimal initial investment by Plaintiffs, NetEase was the sole investor in Crop Circle, and NetEase's $20 million investment was for all intents and purposes Crop Circle's sole source of funding. As a part of the investment, NetEase was given the

---

[1] Plaintiffs have agreed to file any motion for remand by April 9, 2025 and notice such motion for a May 1, 2025 submission date. The parties further agreed that Defendants' need not file any responsive pleadings to the Amended Petition—whether in state or federal court—until May 30, 2025. Ex. C, Magner Declaration at ¶ 7.

#103577991v1

3

right to appoint a member to Crop Circle's Board of Directors. NetEase appointed Defendant Han. *Id.* at ¶ 15.

12. In their Petition, Plaintiffs assert conclusory claims for: 1) defamation, 2) unfair trade practices, 3) tortious interference with business relations, and 4) negligence against Defendants and Crop Circle. *Id.* at ¶¶ 161-98. Although the Petition is prolix, its theory is simple. Plaintiffs claim that Defendant Han defamed them in a manner that made Plaintiffs' businesses unattractive to investors, leading to their demise. Plaintiffs claim that Mr. Han ruined Crop Circle's business, and through Crop Circle, Plaintiffs' other businesses, despite the facts that Mr. Han sits on Crop Circle's board and NetEase invested a substantial sum of money in Crop Circle. Plaintiffs allege that NetEase and Crop Circle should be vicariously liable for Defendant Han's alleged statements. Plaintiffs seek hundreds of millions of dollars in damages.

13. This Court has subject matter jurisdiction over this action and all claims asserted against Defendants because complete diversity exists among the properly joined and/or aligned parties, and Plaintiffs' allegations give rise to federal question jurisdiction. Moreover, while Defendants deny liability, it is apparent from the Petition and Plaintiffs' pre-suit demands for payment that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Undersigned counsel avers that a Notice of Filing of Notice of Removal, along with a copy of the Notice of Removal, will be promptly filed with the Civil District Court for the Parish of Orleans, Louisiana. A copy of said notice is attached hereto as Exhibit B.

15. Undersigned counsel avers that a copy of this Notice of Removal will be promptly served on Plaintiffs by emailing a copy of it to their counsel of record.

16. Defendants expressly reserve all rights, defenses, objections, and motions to the Plaintiffs' Petition, including, without limitation, lack of personal jurisdiction.

#103577991v1

## DIVERSITY OF CITIZENSHIP EXISTS AMONG
## THE PROPERLY JOINED AND ALIGNED PARTIES

17. For purposes of federal diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

18. For purposes of federal diversity jurisdiction, an individual's citizenship is determined by his or her domicile. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). "[D]omicile is established by physical presence in a location coupled with an intent to remain there indefinitely." *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010).

19. For purposes of federal diversity jurisdiction, corporations are domiciled in both their state or foreign state of incorporation and the state or foreign state where its "nerve center" is located. 28 U.S.C. § 1332(c)(1); s*ee Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

20. The Petition filed in the State Court Action alleges that Plaintiff Prytania Media LLC is a Delaware limited liability company and that Plaintiff Prytania Media Corp is a Delaware corporation with its principal place of business in Louisiana. Ex. A, Pet. at ¶¶ 7-8. Prytania Media LLC is wholly owned by Prytania Media Corp, *id.*, meaning that it shares the same citizenship as Prytania Media Corp. Thus, Plaintiff Prytania Media Corp and Plaintiff Prytania Media LLC are citizens of Delaware and Louisiana for purposes of diversity jurisdiction.

21. The Petition alleges that Plaintiffs Annie Strain and Jeff Strain are natural persons domiciled in Louisiana. *Id.* at ¶¶ 9-10. Thus, Annie Strain and Jeff Strain are citizens of Louisiana for purposes of diversity jurisdiction.

22. Defendant NetEase, Inc. is a corporation organized and existing under the laws of the Cayman Islands with its principal place of business in the People's Republic of China. *See*

Defendants' Fed. R. Civ. P. 7.1 Diversity Disclosure Statement at ¶ 1. Thus, for purposes of diversity, NetEase, Inc. is a foreign citizen.

23.     Defendant NetEase Interactive Entertainment Pte. Ltd. is a Singapore private limited company with its principal place of business in Singapore. Thus, for purposes of diversity, NetEase Interactive Entertainment Pte. Ltd. is a foreign citizen.

24.     Defendant NetEase Information Technology Corporation is a California corporation with its principal place of business in California. Thus, for purposes of diversity, NetEase Information Technology Corporation is a California citizen.

25.     Defendant Han Chenglin is a natural person, a permanent resident of Singapore, and a citizen of the People's Republic of China. Mr. Han is not a permanent resident of, or domiciled in, the United States. Thus, for purposes of diversity, he is a foreign citizen.

26.     Crop Circle Games Corp is a Delaware corporation with its principal place of business in Louisiana. Ex. A, Pet. at ¶ 17. Thus, for purposes of diversity, it is a citizen of Delaware and Louisiana.

27.     However, Crop Circle is improperly joined in this action and therefore its citizenship is not considered for the purpose of determining diversity of citizenship. A court may disregard a non-diverse party's citizenship if the plaintiff has improperly joined the defendant to defeat subject matter jurisdiction. *SAI Louisiana LLC v. Indep. Specialty Ins. Co.*, No. 22-CV-00277, 2022 U.S. Dist. LEXIS 50889, at *4 (W.D. La. Mar. 21, 2022) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Northgate Plaza LLC v. Safepoint Ins. Co.*, No. 22-CV-05420, 2022 U.S. Dist. LEXIS 213256, at *3 (W.D. La. Nov. 28, 2022) ("Because

#103577991v1

[plaintiff] will be unable to establish a cause of action against [defendants] in state court, these defendants have been improperly joined and its citizenship shall be ignored in determining jurisdiction.").

28.    Plaintiffs have not, and can never, state a viable claim against Crop Circle for several reasons. Therefore, Plaintiffs improperly joined Crop Circle, and thus, Crop Circle's citizenship should be disregarded for purposes of determining diversity jurisdiction.

29.    ***First,*** Plaintiffs do not actually allege any wrongful conduct by Crop Circle. Instead, Plaintiffs' sole theory of relief against Crop Circle is that: (1) Mr. Han allegedly made defamatory statements about Plaintiffs; (2) Mr. Han sits on Crop Circle's board of directors; and therefore (3) Crop Circle is liable for anything Mr. Han might have said under principles of respondeat superior. *See* Ex. A, Pet. at ¶¶ 136, 170, 181, 192, 197. However, it is well settled that members of a corporation's board of directors are not the corporation's employees or agents, and therefore their actions cannot be imputed to the corporation under respondeat superior principles. *See, e.g.*, Restatement (Third) of Agency § 1.01 cmt. (f)(2) (Am. L. Inst. 2006); Restatement (Second) of Agency § 14C (Am. L. Inst. 1958); *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 539 (Del. 1996) ("Directors, in the ordinary course of their service as directors, do not act as agents of the corporation."); *Marsh Inv. Corp. v. Langford*, 490 F. Supp. 1320, 1327 (E.D. La. 1980) (under Louisiana law, an officer or director is not an "agent" of the corporation, absent an express resolution); *In re STN Transp. Ltd.*, 2014 WL WL 585311, at *6 (Bankr. S.D. Tex. Feb. 14, 2014). Thus, as a matter of law, Mr. Han's alleged conduct cannot be imputed to Crop Circle. Accordingly, Plaintiffs fail to state a claim against Crop Circle for this reason alone.

30.    Even if Plaintiffs could impute Mr. Han's alleged actions to Crop Circle (they cannot as a matter of law), Plaintiffs would still fail to state a cause of action against Crop Circle

because Plaintiffs do not sufficiently allege critical elements of their claims against Mr. Han. These defects include, but are not limited to, Plaintiffs' failure to sufficiently plead that Mr. Han: (1) made any false statement with the requisite malice; or (2) owed or breached any duty of care to Plaintiffs.

31.  *Second*, not only do Plaintiffs fail to allege any alleged misconduct by Crop Circle itself, throughout the Petition Plaintiffs allege the *opposite*—that Crop Circle was a *victim* of the alleged defamation. *See, e.g.*, Ex. A, Pet. ¶ 3 (alleging the defamatory statements harmed Crop Circle by "prevent[ing] Crop Circle Games' success"); ¶ 126 ("These rumors concerning [Crop Circle's] financial situation seriously prejudiced Crop Circle."); ¶ 130 ("Shortly after NetEase spread the above-referenced rumors, all of the potential investors into Crop Circle Games pulled out of ongoing discussions regarding possibly investing in the Company."); ¶ 168 ("Defendants' statements described above wrongfully accuse Crop Circle Games, the Strains and Prytania Media … of fraudulent conduct …"). Thus, looking beyond the Petition's caption page, it is clear that the crux of Plaintiffs' allegations characterize Crop Circle as an alleged victim *along* with Plaintiffs, not a supposed perpetrator of the alleged defamation. The only logical conclusion is that Plaintiffs placed Crop Circle on the defendants' side of the ledger solely in a contrivance to defeat diversity jurisdiction. This is the textbook definition of an improper joinder.

32.  *Third*, Plaintiffs' characterization of Crop Circle as an actual victim of the alleged wrongdoing along with Plaintiffs is consistent with the factual reality that for all intents and purposes Crop Circle and the Plaintiffs *are one and the same*.

33.  As a result, Plaintiffs' claims against Crop Circle are purely illusory because "[c]ourts do not recognize purportedly adversarial claims brought by a party against itself" as a general rule. *See, e.g., Globe & Rutgers Fire Ins. Co. v. Hines,* 273 F. 774, 777 (2d Cir. 1921) ("It

is elementary that the same person cannot be both plaintiff and defendant in the same action."). Under this principle, when an owner of a company sues his own company for injuries stemming from that company's alleged wrongdoing, the lawsuit consists of claims against the owner himself, resulting in a finding that the company has been improperly joined in the lawsuit. *See Rawl v. Dick's Sporting Goods, Inc.*, No. 2:20-3955-BHH, 2021 WL 2411132, at *4-5 (D.S.C. June 10, 2021) (finding defendant company owned by plaintiff was improperly joined to the proceeding); *see also Satterfield v. Robinson Helicopter Co.*, No. 22-6055, 2023 U.S. Dist. LEXIS 231983, at *13-15 (W.D. La. Dec. 20, 2023) (recommending motion to remand be denied based on conclusions that defendant company owned by plaintiff was improperly joined and, if the company was to be a party to the matter, would be as a realigned plaintiff and not as a defendant), *report and recommendation adopted,* 2024 U.S. Dist. LEXIS 2368 (W.D. La. Jan. 4, 2024) (denying motion to remand).

34.     This rule clearly applies here. At all times relevant to this litigation, Plaintiffs Jeff and Annie Strain were Crop Circle's owners and managers, and constituted a voting majority on Crop Circle's three-person Board of Directors. On January 3, 2025—the same day this action was filed against Crop Circle on their behalf—Jeff Strain and Annie Strain purported to resign their officer and management positions within Crop Circle while retaining their positions as directors. In addition, Plaintiffs Jeff and Annie Strain are the sole owners of Plaintiff Prytania Media Corp, which is the 100% owner of Plaintiff Prytania Media LLC, which, in turn is the 75% owner of Crop Circle. Ex. A, Pet. at ¶¶ 17-18.

35.     Accordingly, by suing Crop Circle, Plaintiffs are effectively suing themselves to defeat diversity jurisdiction—a tactic that is improper, fraudulent, and an inadequate basis to defeat diversity jurisdiction.

36. For these reasons, if the Court does not disregard Crop Circle or dismiss it from the suit outright, it should realign Crop Circle as a plaintiff to thwart Plaintiffs' jurisdictional gamesmanship. "The court has a duty to realign the parties based on their sides in the dispute." *Weaver v. Metropolitan Life Ins. Co.*, 939 F.3d 618, 625 (5th Cir. 2019) (noting that purpose of realignment is "to insure that there is a bona fide dispute between citizens of different states"); *see also Ashford v. Aeroframe Services, LLC*, 96 F.4th 783, 794-95 (5th Cir. 2024) ("The pleadings do not control, and the court must arrange the parties according to their sides in the dispute. We determine proper alignment by asking whether the parties with the same ultimate interests in the outcome of the action are on the same side.") (internal quotations and citations omitted).

37. Indeed, in their resignation letters as Crop Circle's managers, Plaintiffs Jeff and Annie Strain stated that they believe that Crop Circle "has claims to be asserted against NetEase and its representatives." *See* Ex. C., Magner Declaration, Exhibits 1 and 2; *see also* Ex. A, Pet. at ¶¶ 19-20.

38. This is consistent with the Petition itself, which again, literally includes Crop Circle in the ***same sentence*** as Plaintiffs as alleged harmed parties. *See, e.g.*, Ex. A, Pet. at ¶ 168 ("Defendants' statements described above wrongfully accuse Crop Circle Games, the Strains and Prytania Media . . . of fraudulent conduct"). Even the allegedly damaged Plaintiffs believe Crop Circle should be a plaintiff in this matter, not a defendant. Accordingly, if it does not dismiss Crop Circle from this suit outright, the Court should realign Crop Circle as a Plaintiff.

39. ***Finally***, there are other factual reasons why Plaintiffs' joinder of Crop Circle was an improper effort to defeat diversity jurisdiction and should be disregarded. Plaintiffs burned through NetEase's $20 million investment at an alarming and unprecedented rate that was unbeknownst to NetEase until it was too late, which resulted in an equally shocking furlough of

nearly all of Crop Circle's employees, again without advance notice to NetEase (Crop Circle's sole investor). As a result, Crop Circle is now just a hollow shell entity with no employees or business operations. Ex. A, Pet. at ¶ 149.

40.     Further, in their resignation letter delivered on the same day the lawsuit was filed, the Strains announced their intent to abstain from any litigation-related discussions or decisions of Crop Circle's board of directors and thus left Crop Circle without any means to accept service, retain counsel, defend itself, or satisfy any purported judgment to Plaintiffs. *See* Ex. C, Magner Declaration, Exhibits 1 and 2; *see also* Ex. A, Pet. at ¶¶ 19-20.

41.     Crop Circle's only remaining director is Mr. Han, who was never a Crop Circle officer, and now is in the awkward position of being the sole active director in a company that Plaintiffs allege Mr. Han defamed. Mr. Han, however, is vulnerable to attack if he were to manage the litigation response for a company he allegedly wronged, and therefore has recused himself from Crop Circle's litigation decisions as well. It is evident from the Strains' conduct that they brought the empty shell of Crop Circle into this lawsuit solely to take a default judgment, serve as a barrier to removal, and serve as a means to entrap Mr. Han into potentially making decisions on behalf of Crop Circle in the litigation that the Strains can later challenge and attack. Ex. A, Pet. at ¶ 20. The Court should not countenance this affront to fair play and transparent effort to manipulate jurisdictional rules to obtain their preferred forum.

42.     Once Crop Circle is dismissed as improperly joined (or realigned as a plaintiff), there is complete diversity in this action. Plaintiffs are citizens of Delaware and Louisiana, while Defendants are citizens of California and various foreign countries. 28 U.S.C. § 1332(a)(3) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy

. . . is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties.").

## MINIMUM AMOUNT IN CONTROVERSY REQUIREMENTS SATISFIED

43. The party seeking to invoke federal diversity jurisdiction also bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); 28 U.S.C. § 1332(a). Jurisdiction will be proper if the removing defendant meets its burden in one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy — preferably in the removal petition, but sometimes by affidavit — that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

44. Here, it is facially apparent that Plaintiffs seek more than $75,000 from this action. Their Petition alleges that Defendants caused Plaintiffs at least $300 million in damages and seeks to have those damages trebled. Ex. A, Pet. at ¶¶ 140-60. Indeed, according to counsel for Plaintiffs, "the damages ultimately sought in the suit are in excess of $900,000,000," Ex. C, Magner Declaration, Exhibit 3, p. 1. The amount in controversy requirement is thus satisfied.

## FEDERAL QUESTION JURISDICTION EXISTS BASED ON PLAINTIFFS' CFIUS ALLEGATIONS

45. Plaintiffs' Petition baselessly and repeatedly alleges that the Defendants' investment in Crop Circle somehow violated regulations issued by the U.S. Department of the Treasury and administered by the federal Committee on Foreign Investment in the United States, pursuant to Section 721 of the Defense Production Act of 1950. Ex. A, Pet. at ¶¶ 65-85. Plaintiffs make these frivolous allegations despite the fact that they are completely contradicted by the

representations and warranties Plaintiffs themselves made in connection with the investment at issue.

46. In any event, to the extent Plaintiffs rely on alleged violations of CFIUS regulations to support their claims, such reliance gives rise to federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over any remaining claims under 28 U.S.C. § 1367 (because all claims asserted in the Petition arise out of the same common nucleus of operative facts). Plaintiffs' reliance on alleged violations of federal law is thus a separate, independent basis for this Court to exercise subject matter jurisdiction over this action.

## CONSENT TO REMOVAL AND HOME STATE DEFENDANT RULE

47. 28 U.S.C. § 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." *Id.* § 1446(b)(2)(C). 28 U.S.C. § 1332(b)(2) states that a "civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

48. All of the properly joined Defendants—that is, all of the Defendants except Crop Circle—jointly file and consent to this removal, and none of the properly joined Defendants is a citizen of Louisiana. Therefore, the consent and home state defendant rules do not bar removal.

49. Defendants reserve the right to supplement or amend this Notice of Removal.

WHEREFORE, Defendants pray that further proceedings in the Civil District Court for the Parish of Orleans, State of Louisiana be discontinued and that this action be recognized as removed to and pending on the docket of the United States District Court for the Eastern District of Louisiana, pursuant to federal diversity of citizenship jurisdiction based on the improper joinder

#103577991v1

of Crop Circle Games Corp as a defendant and/or realignment of Crop Circle Games Corp as a plaintiff.

Dated: March 10, 2025

        Respectfully submitted,

        */s/      Michael W. Magner*
        **JONES WALKER LLP**
        Michael W. Magner (#1206)
        Brett S. Venn (#32954)
        P.J. Kee (#34860)
        L. Davis Williams (#40996)
        201 St. Charles Avenue, 50th Floor
        New Orleans, Louisiana 70170
        Tel:   (504) 582-8116
        Fax:   (504) 589-8116
        Email:  mmagner@joneswalker.com
                bvenn@joneswalker.com
                pkee@joneswalker.com
                dwilliams@joneswalker.com

        **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
        Winston Hsiao (*pro hac vice* application forthcoming)
        Raza Rasheed (*pro hac vice* application forthcoming)
        2000 Avenue of the Stars, Suite 200N
        Los Angeles, California 90067
        Tel: (213) 687-5000
        Fax: (213) 687-5600
        Email: winston.hsiao@skadden.com
               raza.rasheed@ skadden.com

        ***Attorneys for Specially Appearing Defendants NetEase, Inc., NetEase Interactive Entertainment Pte. Ltd., NetEase Information Technology Corp. and Han Chenglin***

#103577991v1

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2025, a copy of the foregoing pleading was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana using the CM/ECF system, and that service on all participants in this case who are registered CM/ECF users will be accomplished by the CM/ECF system, and that I have caused a copy of the foregoing pleading to be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, Louisiana, and to be served upon all known counsel of record in this matter via email and/or U.S. Mail, first class, postage prepaid on this 10th day of March, 2025.

                                                           */s/   Michael W. Magner*
                                                           Michael W. Magner