

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO. 2025-22            SECTION " "
                                                                                    I

PRYTANIA MEDIA LLC; PRYTANIA MEDIA CORP;
ANNIE STRAIN, and WILLIAM ("JEFF") STRAIN

VERSUS

NETEASE, INC.;
HAN CHENGLIN; and CROP CIRCLE GAMES CORP

FILED: _____        _____
                                                                                     DEPUTY CLERK

**PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Prytania Media LLC, Prytania Media Corp (collectively, "Prytania Media"), Annie Strain, and William ("Jeff") Strain, (collectively "Plaintiffs"), and, for their Original Petition for Damages, with a full reservation of rights, aver as follows:

1.

Plaintiff Prytania Media LLC is a Delaware limited liability company. Plaintiff Prytania Media Corp is a Delaware corporation with its principal place of business in Louisiana. Plaintiff Annie Strain is a natural person of the full age of majority domiciled in Louisiana. Plaintiff Jeff Strain is a natural person of the full age of majority domiciled in Louisiana.

2.

Defendant NetEase, Inc. ("NetEase") is a corporation organized and existing under the laws of the Cayman Islands with its principal place of business in the People's Republic of China. Defendant Han Chenglin is a natural person of the full age of majority with residency in Malaysia. Defendant Crop Circle Games Corp ("Crop Circle Games") is a Delaware corporation with its principal place of business in Louisiana.

1

**EXHIBIT A**

3.

Depending on the vesting schedule for employee ownership units, Crop Circle Games is owned approximately 75% by Prytania Media LLC and 25% by NetEase and its Affiliates. Prytania Media LLC is owned 100% by Prytania Media Corp.

4.

Plaintiffs are citizens of Louisiana and Delaware. Defendants are citizens of Louisiana, Delaware, China, Malaysia, and a British Overseas Territory. Therefore, there is no diversity of citizenship.

5.

Personal Jurisdiction: This Court has personal jurisdiction over the Defendants pursuant to La. Code Civ. P. art. 6 and La. R.S. § 13:3201. This lawsuit is brought by a corporation and a limited liability company with their principal places of business located in Orleans Parish, along with the corporation's owners, CEO, and President of Studios, each of whom is a Louisiana resident domiciled in Orleans Parish, Louisiana. Further, Plaintiffs assert claims against Crop Circle Games, which has its principal place of business in Orleans Parish and is subject to general personal jurisdiction in the State of Louisiana. In addition, Plaintiffs assert claims against NetEase which directly and/or through its subsidiary/ries invested in Crop Circle Games, an Orleans Parish-based company, appointed a director and otherwise contributed to the Company's day-to-day operations through NetEase controlled managers, representatives, or employees. Plaintiffs also assert claims against Mr. Han, NetEase's representative member of the Board of Directors of Crop Circle Games, who was directly involved in the management of the Louisiana-based company. Finally, the actions at issue harmed a Louisiana-based company and directly caused substantial harm to Louisiana residents.

6.

Venue: Venue is proper in Orleans Parish because a Defendant in this action—Crop Circle Games—is a foreign corporation with its principal place of business located in Orleans Parish, and Plaintiffs specifically allege that Defendants are jointly and solidarily liable for the actions alleged herein. La. Code Civ. Pro. art. 42(4). If venue is proper for one joint or solidary obligor under Article 42, it is proper to all others. La. Code Civ. Proc. art. 73(A). Additionally, Mr. Han does

not have an agent for process. Similarly, NetEase is not properly registered to do business in Louisiana. The venue for claims against nonresident foreign corporations not licensed to do business in the State and a nonresident individual without an agent for service of process is the parish of the Plaintiffs' domicile. La. Code Civ. Pro. art. 42(5). Finally, Orleans Parish is the domicile of Plaintiffs in this action, and the Parish in which damages were sustained.

7.

Prytania Media Corp is an independent, privately held portfolio of game development studios focused on the creation of creative and innovative new games. It is owned by Mr. and Mrs. Strain.

8.

In late 2022, Mr. and Mrs. Strain opened the second independent game development studio under the Prytania Media umbrella—Crop Circle Games.

9.

NetEase was an early investor into Crop Circle Games—purchasing over 20 percent of the shares of the studio. As an investor, NetEase appointed Mr. Han as its representative onto the Crop Circle Games Board of Directors and had other representatives attend business and Board meetings. These representatives influenced Crop Circle Games' management decisions. Additionally, Crop Circle Games hired a former NetEase employee (and subordinate to Mr. Han) to help manage the studio. This employee had access to Crop Circle Games' internal affairs but frequently communicated with NetEase and acted for its benefit.

10.

NetEase's and Crop Circle's representatives, including Mr. Han and the other manager, disclosed confidential information regarding Crop Circle Games' business to third parties. NetEase's and Crop Circle Games' representatives' statements were undertaken during the course and scope of their positions and affiliations with both NetEase and Crop Circle Games, lending credibility and gravitas to the statements.

11.

The statements made by NetEase and Crop Circle Games representatives were not accurate, and they caused harm to the Plaintiffs. In addition, the statements made by NetEase and Crop

Circle Games representatives were acknowledged by NetEase and Crop Circle Games and further corroborated by third parties.

## COUNT I – DEFAMATION

12.

Plaintiffs re-allege and incorporate all allegations set forth in the preceding paragraphs as if fully set forth herein.

13.

Defendants made and published false statements about the Plaintiffs to non-privileged third parties. In addition, Defendants made and published to third parties these false statements without privilege or authorization.

14.

Defendants had no basis to believe the statements were true and instead had constructive knowledge of the statements' falsity. Further, the statements were made negligently and/or with malice for the purpose of damaging the Plaintiffs' reputations.

15.

Defendants have admitted to making the statements at issue in this case.

16.

Under Louisiana law, and its principles of respondeat superior (which control here), Crop Circle Games, and NetEase and its affiliates, are liable *in solido* for the actions of their director on the Board of Directors of Crop Circle Games and employee Mr. Han, and the actions of their employee, who in defaming Plaintiffs, acted at all relevant times within the course and scope of their work for Crop Circle and NetEase.

17.

As a result of Defendants' defamatory statements, Plaintiffs have suffered ascertainable losses for which they are entitled to recover monetary damages, including but not limited to loss of business opportunities, damages to their goodwill, reputation, and esteem in the industry, and reasonable attorneys' fees and court costs.

## COUNT II – BREACH OF FIDUCIARY DUTY

18.

Plaintiffs re-allege and incorporate all allegations set forth in the preceding paragraphs as if fully set forth herein.

19.

By virtue of his position as director of Crop Circle Games, Mr. Han and the other managers appointed by NetEase to Crop Circle Games' management owed fiduciary duties under Louisiana law directly to Prytania Media LLC, Prytania Media Corp, and the Strains as the ultimate owners of Crop Circle Games.

20.

Upon information and belief, Mr. Han and other NetEase representatives made the statements and disclosures at issue about Prytania Media and the Strains.

21.

Under Louisiana law, and its principles of respondeat superior (which control here), Crop Circle Games, and NetEase and its affiliates, are liable *in solido* for the breaches of fiduciary duty by their director on the Board of Directors of Crop Circle Games and employee Mr. Han, and the actions of their employee, who acted at all relevant times within the course and scope of his work for Defendants.

22.

As a result of Defendants' breaches of fiduciary duty, Plaintiffs have suffered ascertainable losses for which they are entitled to recover monetary damages, including but not limited to loss of business opportunities, damages to their goodwill, reputation, and esteem in the industry, and reasonable attorneys' fees and court costs

## COUNT III – NEGLIGENCE UNDER ARTICLE 2315

23.

Plaintiffs re-allege and incorporate all allegations set forth in the preceding paragraphs as if full set forth herein.

24.

Article 2315 of the Civil Code broadly provides that any act that causes damage to another is compensable in money damages. In this matter, the allegations of the paragraphs above establish that Defendants' actions, both directly and through persons under their control, have caused significant damages to Plaintiffs. Therefore, Defendants are liable to the Plaintiffs under Article 2315 for any damages caused by their actions.

## JURY DEMAND

Plaintiffs further pray for a trial by jury on all matters triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that, after due proceedings are had, this Court render a judgment in their favor and against Defendants, for all damages and injunctive relief available under law to which they prove to be entitled, including attorneys' fees, costs, and prejudgment interest upon all amounts awarded to Plaintiffs herein from the date of judicial demand.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY: _____
STEVEN F. GRIFFITH, JR. (27232)
MATTHEW S. CHESTER (36411)
RILEY T. SVIKHART (40647)
SOPHIA R. CEFOLIA (41188)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email:   sgriffith@bakerdonelson.com
         mchester@bakerdonelson.com
         rsvikhart@bakerdonelson.com
         scefolia@bakerdonelson.com

**ATTORNEYS FOR ALL PLAINTIFFS**

**PLEASE SERVE:**

**CROP CIRCLE GAMES CORP.**
**(In the Absence of a Registered Agent,**
**Through the Louisiana Secretary of State)**
**Louisiana Secretary of State**
**8585 Archives Ave.**
**Baton Rouge, Louisiana 70809**

**HOLD SERVICE ON OTHER DEFENDANTS AT THIS TIME**