

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE, SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE: 504.566.5200
FAX: 504.636.4000

WWW.BAKERDONELSON.COM

**STEVEN F. GRIFFITH, JR.**
**ADVOCACY DEPARTMENT CHAIR**
**Direct**: (504) 566-5225
**Email:** sgriffith@bakerdonelson.com

January 3, 2025

**VIA ELECTRONIC MAIL ONLY**

Ding Lei (wding@corp.netease.com)
Chief Executive Officer
NetEase, Inc.

      Re:    *Prytania Media LLC, et al v. NetEase, Inc., et al*
              Civil District Court, Orleans Parish, State of Louisiana, No. "2025-22" Section "I"

Mr. Ding:

      We represent Prytania Media LLC, Prytania Media Corp, as well as Annie and Jeff Strain, in the captioned suit. Please direct all future correspondence regarding this matter to my team and me.

      As stated in the suit, NetEase, Inc. spread false and defamatory statements that caused the demise of Prytania Media in violation of Louisiana law. Prior to NetEase's misconduct, independent valuations of Prytania Media placed its value over $300,000,000. Louisiana law allows for trebling of damages in a situation such as this one. Therefore, the damages ultimately sought in the suit are in excess of $900,000,000.

      In September 2022, NetEase, Inc., through its affiliates, invested in Prytania Media's subsidiary studio, Crop Circle Games Corp. The initially promising relationship began to be overshadowed by NetEase's lack of compliance with United States law, including the United States Department of the Treasury regulations that enforce it. From NetEase's own representative:

> Regarding the announcement stuff - we already checked with [NetEase] executives as well as IR/PR team and we'd appreciate to keep low key for NetEase. I can share details in our next call, but the high level message is we want to keep away from the radar of CFIUS which can be quite tricky. Geopolitical stuff is already causing trouble to our business efforts in North America, truth to be told.

Notwithstanding the above, Prytania Media's Chief Executive Officer, Annie Strain, repeatedly offered NetEase information concerning knowledgeable individuals and companies who could assist NetEase in ensuring it was in full compliance. NetEase rejected each offer of assistance, but our clients persisted in their demands for compliance.

**EXHIBIT 3**

Instead, to silence Prytania Media, NetEase spread false and defamatory rumors about the company and the Strains. By its own admission, NetEase spread that Crop Circle Games was investigating fraudulent activities, that funds were moved to other Prytania Media subsidiaries without the consent of stakeholders, that quarterly financials were materially inaccurate, and that key appointments were let go because of a potential leak of the foregoing inaccurate information. A review of Crop Circle Game's financial statements, which were held by and available to NetEase, prove these statements were false. These statements directly and seriously prejudiced both Prytania Media and its founders – Annie and Jeff Strain. Ultimately, Prytania Media, an enterprise worth over $300,000,000, was rendered virtually worthless.

We also believe that silencing Prytania Media and its owners was of paramount importance to NetEase executives who intended (and still intend) to emigrate to the United States, evidenced in part by the recent purchase of your $29,000,000 Bel-Air mansion. The complaints about non-compliance by Prytania Media would have only complicated, if not prevented, that plan from coming to fruition, so we believe that NetEase set out to discredit and undercut our clients' credibility in the industry and beyond.

We are continuing to investigate the claims pled and to be pled. To that end, please find attached the following documents regarding our Phase One Plan for this dispute. After review, please have your counsel contact me if there is any additional information you wish to share in defense of the claims we plan to make.

| **Document** | **Action Date** |
|---|---|
| • Original Petition for Damages | *filed* |
| • Notice Letter to Louisiana Attorney General and Relevant Members of the United States Congress | 1/17/2025 |
| • Amended, Restated, and Verified Petition for Injunctive Relief and Damages | 1/31/2025 |
| • NetEase Corporate Deposition Notice | 1/31/2025 |
| • First Set of Interrogatories | 1/31/2025 |
| • First Set of Requests for Production of Documents | 1/31/2025 |
| • First Set of Requests for Admissions | 1/31/2025 |

Of course, the documents and dates provided above are based on our Phase One Plan as of today. Should we uncover evidence or a need to modify them in any way, such as in response to any Court filings or other adverse actions, we reserve the right to do so immediately and without prior notice. Allow us to share some thoughts regarding the purpose of each of these documents, from our clients' perspective.

**Original Petition for Damages**

Because Louisiana State Court in Orleans Parish is the appropriate forum to resolve our differences with a jury serving as the trier of fact, we have filed an action there. Attached to this letter is a courtesy copy of our filed lawsuit. Given that our investigation is ongoing, we refrained from including in this morning's filing many of the facts and claims we ultimately plan to prove.[1]

As you know, both Annie and Jeff Strain have served Crop Circle Games as officers and managers since its inception. Given the pendency of this matter, however, they believe it best for them to resign their officer and management positions within Crop Circle at this time. They do intend to retain their Board of Director positions, but they will abstain from any Board discussions or actions related to the pending lawsuit. They have provided formal Notice to Han Chenglin of this decision under separate cover of this date. Please advise if you need a copy of it as well.

**Notice Letter to Louisiana Attorney General and Relevant Members of the United States Congress**

NetEase's conduct is in violation of Louisiana's Unfair Trade and Practices Act. Therefore, as provided by law, on or about January 17, 2025, we intend to provide Notice to the Hon. Liz Murrill, Louisiana Attorney General. With that notice, we intend to provide a copy of the existing suit, as well as a Draft Amended, Restated, and Verified Petition for Injunctive Relief and Damages, which we would plan to file on January 31, 2025 (more information regarding that planned filing below).

Our investigation to date reveals misconduct by NetEase which would be well within the scope of interest of the Hon. Steve Scalise, United States House of Representative Majority Leader and Louisiana Congressman (the Strains' representative in Congress), as well as the Chair and Ranking Members of the United States House of Representative Select Committees on the Chinese Communist Party and the Strategic Competition Between the United States and the Chinese Communist Party (each of whom, we believe, have constituents impacted by NetEase's misconduct). But, at this time, we are only planning to notify formally the Louisiana Attorney General, as provided for by statute and as the top law enforcement officer in the State of Louisiana.

**Amended, Restated, and Verified Petition for Injunctive Relief and Damages**

On January 31, 2025, we currently plan to file an Amended, Restated, and Verified Petition for Injunctive Relief and Damages. The attached draft is based upon facts as we know them at this time, and they are of course subject to change, but we wanted you to have the benefit of the full scope of our

---

[1] Although we have served Crop Circle Games through the Louisiana Secretary of State, given that its registration of an agent lapsed, we have withheld service on NetEase at this time while our investigation continues.

anticipated claims, so we have attached the draft Amended Petition to this correspondence. If you would like to share information regarding our allegations or claims prior to filing, please feel free to do so.

### NetEase Corporate Deposition Notice

The Amended Petition will put at issue a host of claims on which we will need sworn testimony from NetEase, and we think the most productive manner in which to obtain it is through an early Article 1442 Deposition of NetEase. A draft of the notice identifying the topics on which we will expect sworn testimony is attached for your review; If you are represented by counsel, please have them contact me about these topics and scheduling as soon as possible. We have targeted March as the best time in which to conduct these depositions.

### First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions

After the Amended Petition is filed, and the broader claims alleged are at issue, Louisiana law allows us to begin the written discovery process against the defendants, and we intend to do so. A current draft of our discovery requests is attached. You will have thirty days from formal service of the Amended Petition to respond, but we provide these documents in draft form now so that you can begin the process of gathering information and documents for production, as well as to avoid the need for any requests for an extension of time once formally served at the end of January.

### Document Preservation Notice

I also write to advise you that NetEase, its affiliates, employees, and representatives around the world have a duty to preserve all documents, tangible things, and Electronically Stored Information ("ESI") in your actual possession, custody, or control, including those in the possession, custody, or control of any and all employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain potentially relevant information. You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (such as voice messaging systems, online repositories, and cell phones). Similarly, the law requires you to preserve potentially relevant documents, tangible things, and ESI. Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI.

Our planned document requests and interrogatories will seek information from NetEase computers, including any systems that were used in the relevant time period, removable electronic media, and other locations. These requests may include, but are not limited to, e-mails, text messages, and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, network access information, social media posts and information, correspondence, graphics, animations, photographs and images, audio, video and audiovisual recordings, and any accompanying metadata. This information could be stored on any

personal or non-personal computers, telephones, or other electronic devices that may contain discoverable electronic data, including smartphones. For these reasons, we ask that you take the steps necessary to ensure that all potentially relevant data be preserved pending the initiation and completion of the discovery process, if necessary.

You should take every reasonable step to preserve this information until further notice. Failure to do so could result in significant prejudice to your claims. Specifically, if you fail to meet this obligation, a court may impose sanctions, including the imposition of monetary sanctions, prevention of cross-examination of witnesses, imposition of negative inference jury instructions, and entry of default judgment for intentional destruction of responsive documents.

After review, I encourage you to forward this information to an attorney to represent you in this matter. And, after your counsel reviews it, if there is any aspect of it they wish to discuss, please have them reach out to me at the contact information noted above.

Kindest regards.

Very truly yours,

Steven F. Griffith, Jr.

cc: Han Chenglin (tonyhan@corp.netease.com)

Paul W. Boltz, Jr. (paulboltz@oc.netease.com)
General Counsel
NetEase, Inc.

David T. Ho (david.ho@neteasegames.com)
General Counsel
NetEase, Inc.

Matthew S. Chester (*firm*)
P. Lee Smith (*firm*)

Ding Lei
Chief Executive Officer
NetEase, Inc.
January 3, 2025
Page 6

Attached:
- Petition for Damages *(filed January 3, 2025)*
- Notice Letter to the Louisiana Attorney General *(embargoed until January 17, 2025)*
- Amended, Restated, and Verified Petition for Injunctive Relief and Damages *(embargoed until January 31, 2025)*
- Corporate Deposition Notice of NetEase *(embargoed until January 31, 2025)*
- Prytania Media's First Set of Interrogatories *(embargoed until January 31, 2025)*
- Prytania Media's First Set of Requests for Production *(embargoed until January 31, 2025)*
- Prytania Media's First Set of Requests for Admission *(embargoed until January 31, 2025)*